## In re WALL

### (39 N. W.2d 903)

(File No. 9091. Opinion filed December 1, 1949)

**Sigurd Anderson,** Atty. Gen., **W. O. Knight** and **William J. Flittie,** Asst. Attys. Gen., attorneys for the State of South Dakota.

**Francis J. Parker,** Deadwood, attorney for Thomas G. Wall at the referee's hearing.

**Thomas G. Wall,** Sturgis, attorney pro se. before the Supreme Court.

PER CURIAM. During the pendency of an appeal to this Court in the case of John Parkison v. Josephine Parkison, the disposition of which appeal is reported in 34 N.W.2d 176, Thomas G. Wall, an attorney licensed to practice law in South Dakota and representing appellant John Parkison, was charged with having participated in the procurement of documents hereinafter described bearing the signature of respondent Josephine Parkison Fox. A preliminary investigation of such charge resulted in an order of this Court directing the Attorney General to institute disbarment proceedings against said attorney.

The complaint in disbarment among other things in substance and in separate counts alleges that attorney Wall, on June 10, 1948, prepared an affidavit for execution by respondent in the appeal pending as aforesaid, which affidavit contained admissions of perjury on the part of said

respondent, and that he instructed one Alden F. Thompson to obtain execution thereof; that said attorney at the same time prepared a writing providing for the discharge of respondent's attorney of record in this Court and that he instructed the said Thompson to have the same signed, and that thereafter attorney Wall filed said documents in this Court. A third count in said complaint alleges that attorney Wall, on or about June 30, 1948, procured from the said Thompson a false affidavit stating that Thompson had prepared the affidavit theretofore executed by respondent. Said count alleges also that attorney Wall thereafter filed the Thompson affidavit in this Court.

The answer of attorney Wall to this complaint, signed by Francis J. Parker, his counsel of record in this proceeding, contains general and specific denials of the averments of the complaint and in substance and effect pleads that attorney Wall and his secretary, his wife, prepared the affidavit for execution by respondent in the pending appeal but that the preparation thereof was altogether pursuant to detailed instructions by Thompson, the party alleged to have obtained execution thereof, and that otherwise attorney Wall gave no instructions respecting the effect of the affidavit and had nothing whatsoever to do with the execution and filing thereof. Said answer pleaded also a lack of recollection on the part of attorney Wall regarding the preparation of the writing providing for the discharge of respondent's counsel and averred that if he did prepare such writing the same was done by him at the request of the said Thompson. Regarding the affidavit of Thompson reciting that he had prepared the affidavit signed by the said Josephine Parkison Fox the answer for attorney Wall alleges that the latter had obtained the same for purposes other than to protect him, attorney Wall, from the consequences of his participating in the preparation of the affidavit first mentioned.

Upon the issues thus presented this Court entered its order appointing a referee, Hon. W. W. Knight, Circuit Judge of the Third Judicial Circuit, for the trial of the issues made by the pleadings and for his findings and recommendations thereon. Trial to the referee proceeded in due

course whereat attorney Wall was represented by his counsel aforenamed. The testimony of the said Thompson, as well as that of John Parkison and the notary who took part in the execution of the Fox affidavit, was received by the referee. That the examination of these three witnesses was in detail and extended is reflected in a transcript of 140 pages, the much greater part of which covers the questioning and testimony of the witnesses Thompson and Parkison. Neither attorney Wall nor other witnesses attending the trial were called to testify. Doubtless in lieu thereof the attorneys stipulated to the record as follows: "* * * that both Thomas G. Wall and his wife, Mrs. Wall, would testify in detail and establish from their viewpoint that all of the allegations contained in their answer are as therein related and further that as to Count Two in the complaint in this case it is admitted by Mr. Wall that the ultimate result of the execution of the Fox affidavit and the discharge of Cooper as attorney representing the defendant in the Parkison divorce case and the manner in which the execution was secured by not taking the matter up first with Attorney Cooper or having told Parkison and Detective Thompson when they came to his office to secure the affidavit that he violated one canon of ethics of the profession in not doing one or the other in relation to the execution and drawing of the affidavit; that is, the canon of ethics which requires an attorney to confer and consult with the attorney representing the opposite side or other client in the case." It was further agreed "* * * that the stipulation as to the testimony which would be given by Mr. and Mrs. Wall in support of the allegations of their answer applies also to Count Three" and "* * * that the discharge of Mr. Cooper was typed by Mrs. Wall in the presence of Mr. Wall at the same time as the Josephine Fox affidavit was typed and that was delivered to Mr. Thompson together with that proposed affidavit." At the close of the trial the Attorney General recommended a dismissal of the third count of the complaint.

The findings of the referee sustain the allegations of the complaint. With minor exception the same are supported by the answer on the part of attorney Wall, the

sworn testimony and the stipulations in part quoted above. We perceive no good reason for here relating the testimony heard by the referee or for detailing or reciting in this decision the referee's specific findings and the particular items of such findings to which exceptions are interposed by counsel for attorney Wall. We think it sufficient to state that in the main the record before the referee is such as to reflect altogether ample support for the factual dcisions it became his assigned duty to make.

The findings and recommendations of the referee, together with the exceptions thereto, coming on regularly to be heard, attorney Wall, appearing pro se, made oral application for an order re-referring the matter for further testimony. His representations to this Court in support of such application were in the nature of a departure from the answer interposed in his behalf and tended to minimize his part in the preparation of the described documents and to emphasize the degree of participaton on the part of others, including his wife-secretary, in the making of said documents. Affidavits filed in connection with the application for a re-referrence relate for the most part to matters bearing upon the charge embraced in the third count of the complaint we are, as aforesaid, asked to disregard. These representations and affidavits do not sustain the belief. or inference that the referee would likely shade or relax his recommendations should we grant the request for another hearing. Also, it is manifest to us that attorney Wall and his chosen counsel have heretofore been accorded a fair hearing and a full opportunity to place before the referee whatever showing was by them deemed to be of aid to the accused. We therefore deny the request for a re-reference.

For conduct on the part of attorney Wall which the referee denounces as a flagrant violation of Canon No. 9 of the Canons of Professional Ethics it is by the referee recommended "that the said Thomas G. Wall be censured and suspended from practice as an attorney at law within the State of South Dakota for a period of six months." The exceptions to the report of the referee are overruled and his findings and recommendations are approved and adopted.

Other than to state that the record reflects professional misconduct by attorney Wall of such a nature as to demand severe reproof we refrain from censorious or belaboring utterances. Our judgment and order is that the right of Thomas G. Wall to engage in the practice of law in this state be and the same is forthwith suspended for a period of six months from and after the filing and entry hereof.